UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:                                          NUMBER

**HUNG VAN VU**                                 **02-11740**

DEBTOR                                          CHAPTER 7


**NOVA BENNETT**                                ADV. NUMBER

PLAINTIFF                                       **02-1105**

V.

**HUNG VAN VU**

DEFENDANT


## MEMORANDUM OPINION

Plaintiff Nova Bennett sued debtor Hung Van Vu for a determination that the debtor's obligation to her was not dischargeable under 11 U.S.C. §523(a)(2). She contends that Vu falsely represented himself as a properly licensed contractor when she hired him, that she relied on this representation and suffered damages due to his allegedly shoddy work.

The Court concludes that Bennett's claim against Vu arose out of a simple breach of contract, and the obligation is dischargeable.

### FACTS

The business relationship between Mrs. Bennett and the debtor began when she saw Vu and his contracting crew working on a neighbor's house. As a result of this contact, Mrs. Bennett hired Vu to build an additional room on her house, in which she

planned to run a day care business to supplement her income.  On July 13, 2001, the two

signed an agreement calling for completion of the work by August 25, 2001.  The initial

contract price was $14,520, but with additional work, the revised total price was $20,705.

Bennett eventually paid the debtor a total of $22,000, but remained unsatisfied with his

work.  In October 2001, Vu visited Bennett's home for the last time, and according to

Bennett demanded $1,000 to pay his crew.  Bennett refused and Vu never returned to the

job site.  The work was never finished, and Bennett claims to be unable to find a

contractor willing to complete the project.

Bennett's son, Kirk Bennett, became involved in his mother's construction dispute

in November 2001 after she told him that Vu was ignoring her complaints.  Kirk Bennett

called and then wrote the debtor about the problems with the work, including a concrete

slab that was not level and walls that were not water tight.  When Mr. Bennett also failed

to obtain an outcome that satisfied his mother, on May 21, 2002, Mrs. Bennett sued Vu,

doing business as K.V. Construction Company, his sole proprietorship.  One month later,

Vu filed a chapter 7 petition, which stayed the state court litigation. [1]

Vu started his construction business in 1993, after a number of years supervising

construction at local plants.  He testified that he obtained a Louisiana commercial

contractor's license in 1994, but that the license lapsed for one year when he failed to pay

renewal fees.  He did not recall whether the lapse occurred during the period in which he

was working at Bennett's home.  Vu abandoned his residential contractor's license several

years ago, and admitted that he did not have one when he contracted with Mrs. Bennett.

---

[1]   Although her complaint did not specifically set forth a claim under 11 U.S.C. §523(a)(3), in the pre-trial
order Bennett recited that Vu did not schedule Bennett as one of his creditors, or give her notice that he had
filed bankruptcy.  The evidence confirmed that Bennett learned of the case in time to file a timely proof of
claim and her dischargeability complaint.  Accordingly, on defendant's motion the Court dismissed the
plaintiff's claims under 11 U.S.C. §523(a)(3) at the conclusion of the plaintiff's case in chief.

Vu's description of the way he and Mrs. Bennett met paralleled the plaintiff's.  He confirmed that the two did not discuss insurance, and he testified that he did not tell Bennett that he was bonded.  On the other hand, Vu admitted that he never told Mrs. Bennett that he was not licensed to do residential work, and never told her he was not bonded or insured for her project.  At trial Mrs. Bennett admitted that she and Vu never actually discussed proof of his insurance or bonding, or the status of his contractor's license.

On cross-examination, Vu explained that the only consequence of his having only a commercial contractor's license, and not a residential license, was that he could not obtain a residential construction permit for the work at Bennett's home.  Accordingly, to secure the building permit for that work, the debtor advised Bennett to sign a Hold Harmless and Indemnity, which enabled Vu to act as her agent and obtain the permit in her name.  In other words, Vu's testimony was that the lack of a residential license did not mean he was not legally capable of doing the work at Bennett's house.  It only meant that he could not obtain a residential permit for the project on his own.

Vu's testimony concerning whether he had a permit for the work at Bennett's home is contradictory.  He testified that a permit was not needed for the inside work, and that he obtained the necessary permit when his workers started working outside.  However, the project at Bennett's home involved connecting the plaintiff's house with her garage, two free-standing structures, so outside work would have been required virtually from the inception of the project.  Moreover, Vu first applied for a permit on July 25, 2001, almost two weeks after contracting with Bennett to do the work, and after a stop

work order was placed on the job by the City of Baton Rouge and East Baton Rouge Parish.[2]

## ANALYSIS

Bennett relies on 11 U.S.C. §523(a)(2)(A) as the sole basis for the non-dischargeability of the debtor's obligation to her.[3]  The Fifth Circuit has set forth different standards for proving non-dischargeability under section 523(a)(2)(A) depending on whether the claim is based on false pretenses or representations or on actual fraud.  To prove non-dischargeability on the grounds of false pretenses or representations, the objecting party must establish: "(1) a knowing and fraudulent falsehood; (2) describing past or current facts; (3) that was relied upon by the other party."  *RecoverEdge, L.P. v. Pentecost*, 44 F.3d 1284, 1293 (5th Cir. 1995).  An allegation of actual fraud requires additional proof of the debtor's intent to deceive and of proximate loss to the creditor as a result of the alleged fraud.  *Id*.  The plaintiff did not prove entitlement to relief under section 523(a)(2)(A) on either theory.

Mrs. Bennett contends that she would not have hired Vu had she known that his Louisiana contractor's license had expired.  She also implies that her reliance on the debtor's alleged misrepresentation resulted in her damages when he did not complete the work satisfactorily.  However, Mrs. Bennett testified that she hired Vu after seeing him working at a neighbor's home, and that his work seemed satisfactory.  Vu also showed the

---

[2]   Walter Moser, an East Baton Rouge Parish building inspector, testified that he found no evidence of a permit when he inspected the project at the plaintiff's house after his office received a complaint.

[3]   Actually, the complaint only makes reference to §523(a)(2).  Section 523(a)(2)(A) bars the discharge of a debt "for money, property, services . . . to the extent obtained by – false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's . . . financial condition."  Subsection (B) of §523(a)(2) does not apply on the facts of this case.

plaintiff a photo from a home builder magazine that depicted the quality of his work.  On cross-examination, Mrs. Bennett admitted that she never asked Vu for proof of insurance, and that the subject did not come up in her conversations with the debtor.  Also, Mrs. Bennett never tried to confirm that Vu held a Louisiana contractor's license.[4]  Most important, Mrs. Bennett admitted that Vu had performed all the work called for by the contract, although he did not complete the work to her standards.

Any misrepresentation made by Vu that would support a claim under §523(a)(2)(A) must have been knowingly and fraudulently made.  *In re Martin*, 963 F.2d 809 (5th Cir. 1992).  The evidence does not supporting a finding that Vu knowingly committed any acts that can be characterized as false pretenses, false representations or actual fraud.  Section 523(a)(2)(A) also requires that a creditor justifiably rely on the debtor's representations.  *Field v. Mans*, 516 U.S. 59, 74-5, 116 S.Ct. 437,133 L.Ed.2d 351 (1995).  The evidence does not suggest that Mrs. Bennett relied in any way on Vu's representations or lack of representations about his license.  Last, the plaintiff did not prove any causal connection between the allegations of false representation concerning the license and Bennett's losses.[5]  Accordingly, the evidence case simply does not support a claim under 11 U.S.C. §523(a)(2)(A).

---

[4]  In any case, the plaintiff did not demonstrate any direct connection between a contractor's not holding a valid, current license and harm to a customer.

[5]  At the conclusion of the trial, the Court directed the parties to submit briefs on several issues: justifiable reliance, the calculation of damages and the possibility of lifting the stay to determine damages in state court.  Because the plaintiff failed to submit anything, the Court has made its determination without the benefit of plaintiff's position on the issues.

## CONCLUSION

The Court concludes that the plaintiff has not proven that the debtor owed to her by Vu is nondischargeable under the provisions of the Bankruptcy Code.  The plaintiff's complaint will be dismissed.

Baton Rouge, Louisiana, December 31, 2003.


**<u>s/ Douglas D. Dodd</u>**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE